UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:18-cv-01464-JRS-DLP<br>) |
| MAXINA LEWIS, | )<br>)<br>) |
| Defendant. | )<br>) |
| | )<br>) |
| MAXINA LEWIS, | )<br>) |
| Counter Claimant, | )<br>) |
| v. | )<br>) |
| LIBERTY MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Counter Defendant. | ) |

**Entry on Motion to Dismiss Counterclaim ([ECF No. 21](#))**

Plaintiff Liberty Mutual Insurance Company ("Liberty Mutual") sued Maxina Lewis, seeking a declaration of the parties' rights and indemnification obligations under an insurance policy issued to Lewis. Lewis counterclaimed against Liberty Mutual for breach of contract and lack of good faith. Liberty Mutual filed a Motion to Dismiss the Counterclaim ([ECF No. 21](#)) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court granted Lewis's requested extension of time within which to respond to the motion, but she filed no response, and the time

for doing so has passed. Having considered the motion, the Counterclaim, and the relevant law, the Court finds that the motion should be granted.

A motion to dismiss a counterclaim is governed by the same standards that are applied to motions to dismiss complaints. *See Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility" when it avers "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Under this standard, the Court accepts the well-pleaded factual allegations in the counterclaim as true and determines "whether those facts state a plausible claim for relief." *Id.* at 679. "[M]ere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 290 (7th Cir. 2016) (quotation marks omitted).

Applying this standard, the Court concludes that the Counterclaim should be dismissed. The breach of contract claim alleges the existence of a contract between Liberty Mutual and Lewis, Liberty Mutual's breach of that contract, and damages. (ECF No. 13 at 8; Counterclaim, ¶¶ 1, 3-4). These are the essential elements of a breach of contract claim under Indiana law. *See WESCO Distribution, Inc. v. ArcelorMittal Ind. Harbor LLC*, 23 N.E.3d 682, 695 (Ind. Ct. App. 2014).

However, Federal Rule of Civil Procedure 9(c) requires plaintiffs alleging breach of contract to aver that all conditions precedent have been performed or have occurred. *Redfield v. Cont'l Cas. Corp.*, 818 F.2d 596, 610 (7th Cir. 1987) (applying Illinois substantive law and federal procedural law); Fed. R. Civ. P. 9(c) ("In pleading conditions precedent, it suffices to allege generally that all conditions have occurred or been performed."). The Counterclaim makes such an allegation. (ECF No. 13 at 8; Counterclaim ¶ 2 (alleging Lewis "fully complied with all of the Policy's post-loss duties")). But at the same time, the Complaint alleges "[t]he Defendant has failed to provide a Sworn Statement in Proof of Loss within 60 days from Liberty Mutual's request," (ECF No. 1; Compl. ¶ 66), and the Answer, which is incorporated into the Counterclaim, avers that Lewis "is without sufficient knowledge or information to admit or deny the allegations in paragraph 66 of Plaintiff's Complaint." (ECF No. 13 at 7; Answer ¶ 66). Having averred that she is without sufficient knowledge or information to admit or deny she failed to provide a Sworn Statement in Proof of Loss within 60 days of Liberty Mutual's request, Lewis cannot also consistently allege that she has provided such a statement within 60 days of the request. The inability to allege compliance with all conditions precedent means that the Counterclaim fails to state a claim for breach of contract. That claim should be dismissed, but Lewis should have the opportunity to cure the formal defect in her pleading. *See Redfield*, 818 F.2d at 610.

Turning to the bad faith claim, an insurer has a duty of "good faith and fair dealing with respect to the discharge of [its] contractual obligation" to its insured. *Erie Ins.*

3

*Co. v. Hickman,* 622 N.E.2d 515, 519 (Ind. 1993). The duty of good faith and fair dealing includes the duty "to refrain from (1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into settlement of his claim." *Id.* An insurer that "denies liability knowing that there is no rational, principled basis for doing so has breached its duty" of good faith and fair dealing. *Id.* at 520.

The bad faith claim alleges that "[i]n adjusting and investigating [Lewis's] claim," Liberty Mutual "acted unreasonably, without reasonable justification, fraudulently, intentionally, recklessly and not in good faith" and that Liberty Mutual "acted intentionally, willfully, wantonly, and with actual malice in refusing to pay [Lewis's] claim and delaying such payments." (ECF No. 13 at 9; Counterclaim ¶¶ 7-8). These allegations are legal conclusions, and the Counterclaim makes no factual allegation that supports a bad faith claim. Therefore, the bad faith claim must be dismissed. But again, Lewis shall be given an opportunity to correct the defects in her pleading.

## Conclusion

For the reasons stated, Liberty Mutual's Motion to Dismiss Defendant/Counter-Plaintiff's Counterclaim (ECF No. 21) is **GRANTED**. The Counterclaim is **DISMISSED** for failure to state a claim.

Lewis has until **December 21, 2018**, within which to file an amended counterclaim for breach of contract and bad faith, if she is able to do so consistent with Federal Rule of Civil Procedure 11 and all other applicable procedural rules.

4

Date: 11/26/2018

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MAXINA LEWIS
.2201 East 10th Street, Apt 202
Indianapolis, IN 46201

Justin K. Curtis
HEPLERBROOM LLC
justin.curtis@heplerbroom.com

Rick L. Hammond
HEPLER BROOM, LLC
rick.hammond@heplerbroom.com

Amy E. Johnson
HEPLERBROOM, LLC
amy.johnson@heplerbroom.com

Justin P. Rudin
RUTTER & RUSSIN, LLP
jrudin@ohioinsurancelawyer.com

Robert P. Rutter
RUTTER & RUSSIN LLC
brutter@ohioinsurancelawyer.com